# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC., <br><br> Plaintiff <br><br> v. <br><br> AAA ANYTIME, INC. AND MITCHELL WINIK, <br> Defendants | Case No.: 2:19-cv-00255-APG-BNW <br><br> **Order Granting Motion for Default Judgment** <br><br> [ECF No. 27] |

Plaintiff The American Automobile Association, Inc. (AAA) moves for default judgment against defendants AAA Anytime, Inc. and Mitchell Winik. ECF No. 14. The defendants have not appeared in this case or opposed the motion for default judgment.

**Default judgment**

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, a party may seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (CD. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno*

*v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

AAA has satisfied the procedural requirements for default judgment. The clerk has entered default against both defendants. ECF No. 24. The defendants have not appeared in this case. Thus, there is no procedural impediment to entering a default judgment.

The first *Eitel* factor considers whether AAA will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (CD. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). The defendants have failed to defend this lawsuit. If default judgment is not entered, AAA will be unable to pursue its claims against them. This factor weighs in favor of entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8. AAA's complaint sufficiently pleads claims for trademark infringement, false designation of origin and unfair competition, trademark dilution, and cybersquatting. The complaint, the motion, and the exhibits supporting the motion detail the

merits of those claims.  Thus, the second and third *Eitel* factors weigh in favor of entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo., Inc.*, 238 F. Supp. 2d at 1176.  AAA seeks injunctive relief and $14,703.60, which is the costs and attorneys' fees it incurred as a result of the defendants' violations.  That amount is proportionate to the harm caused by the defendants' conduct.

The fifth *Eitel* factor weighs the possibility of a dispute regarding material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177.  "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted).  There is no evidence to rebut any of AAA's allegations.  Thus, the fifth *Eitel* factor weighs in favor of entry of default judgment.

The sixth *Eitel* factor considers whether the defendants' default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177.  The clerk of court entered default on January 7, 2020, and the defendants have not appeared since then. ECF No. 24.  AAA has presented evidence of its extensive efforts to resolve this dispute before and after filing this lawsuit.  AAA gave the defendants advance notice of this lawsuit and properly served the defendants with process.  The parties engaged in settlement discussions and entered into a settlement, which the defendants subsequently breached.  There is no evidence that the failure to respond is due to excusable neglect. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir.

1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action). Thus, the sixth *Eitel* factor weighs in favor of entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the defendants' failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment. A decision on the merits is desirable, but under these circumstances, default judgment is warranted.

**Attorneys' fees**

AAA does not seek disgorgement of the defendants' profits or any damages other than its attorneys' fees and costs, even though it could seek such remedies under the Lanham Act. AAA's request for its costs and attorneys' fees is reasonable under the circumstances.

Costs normally "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). AAA is also entitled to recover its costs under 15 U.S.C. § 1117(a):

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office . . . shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, . . . subject to the principles of equity, to recover . . . the costs of action.

AAA also is entitled to recover its attorneys' fees under 15 U.S.C. § 1117(a) because the defendants' actions "can be characterized as malicious, fraudulent, deliberate, or willful." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002) (citation omitted).

AAA's complaint, motion for default judgment, and the exhibits in support of that motion detail how the defendants' violations of AAA's rights were willful, deliberate, and in bad faith.

AAA attaches to its motion two declarations detailing its lawyers' hourly rates and the work they undertook on this matter. The rates charged are reasonable for this type of work, the hours worked are reasonable to the tasks undertaken, and work was appropriately delegated to lawyers and professionals charging lower rates. I also have analyzed the fee request based on the factors in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) and this district's Local Rule 54-14. I will award AAA $14,703.60 in fees and costs.

I THEREFORE ORDER that the plaintiff's motion for default judgment **(ECF No. 27) is GRANTED**.

I FURTHER ORDER the following:

1. Defendants AAA Anytime, Inc. and Mitchell Winik (collectively, Defendants), their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, are hereby enjoined and restrained from engaging in any of the following acts:

> a. Using without the authorization of plaintiff The American Automobile Association, Inc. (AAA) any of the AAA Marks, logos, and trade names, including but not limited to the designation "AAA" or any other name, logo, or mark that includes the designation "AAA" or is confusingly or deceptively similar to any of the AAA Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, or in relation to any goods or services sold or distributed by the Defendants, or in any other manner.

      b. Using any combination of multiple letter A's in any form or manner that would tend to identify or associate the Defendants, their business, or their services with AAA, including without limitation in the marketing, promotion, advertising, identification, sale, or distribution of goods or services, or in any other manner.

      2. The Defendants are ordered to destroy or change all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, internet content, stationery, software, and any other items in their possession or control that contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols, and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items.

      3. The Defendants are ordered to cancel or amend all business names, trade names, licenses, or corporate registrations or applications that contain the AAA Marks, and all other confusingly similar names, logos, or marks, including but not limited to the Nevada Secretary of State registration for "AAA Anytime, Inc."

      4. The Defendants are ordered to transfer to AAA all domain names in their or their agents' possession, custody, or control that include the AAA Marks, including but not limited to the domain name AAAANYTIME.COM;

      5. The Defendants are ordered to file with the court and to serve on AAA, within 30 days after entry of this order, a report in writing, under oath, setting forth in detail the manner and form in which they have complied with this Order.

      6. The Defendants, jointly and severally, shall pay to AAA its costs of suit and reasonable attorneys' fees, totaling $14,703.60.

I FURTHER ORDER the clerk of court to enter judgment in favor of plaintiff The American Automobile Association, Inc. and against defendants AAA Anytime, Inc. and Mitchell Winik, jointly and severally, consistent with the relief described above.

Dated this 31st day of March, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE