# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC, <br><br>Plaintiff<br><br>v.<br><br>AAA ANYTIME, INC. and MITCHELL WINIK,<br><br>Defendants | Case No.: 2:19-cv-00255-APG-BNW<br><br>**Order of Civil Contempt** |

I ordered the defendants to show cause why sanctions should not be entered against them for violating my prior order. ECF No. 41. I conducted hearings on October 21, 2020 and November 12, 2020. Based on the parties' briefs and arguments, I find as follows:

1. On March 31, 2020, I ordered that a default judgment be entered in favor of plaintiff The American Automobile Association (AAA) and against defendants AAA Anytime, Inc. and Mitchell Winik (Defendants). ECF No. 36. The order included a permanent injunction against Defendants and awarded AAA $14,703.60 for its costs and attorneys' fees.

2. The order enjoins Defendants from using AAA's famous and distinctive AAA trademarks (AAA Marks) and mandates, among other things, that Defendants (1) cancel or amend any business names that contain the AAA Marks or any other confusingly similar name, logo, or mark, including those filings for AAA Anytime, Inc., and (2) transfer to AAA all domain names in their or their agents' possession, custody, or control that include the AAA Marks, including the domain name AAAANYTIME.COM. *Id.* at p. 6, ¶¶ 3-4.

3. A default judgment consistent with my order was entered on April 1, 2020. ECF No. 37.

4. On August 31, 2020, AAA moved for contempt sanctions against Defendants. ECF No. 39. I ordered Defendants to show cause why I should not hold them in contempt for failing to comply with my order. ECF No. 41.

5. Defendants' response acknowledged that their website, domain name, and organizational documents (including the corporation name registered with the Nevada Secretary of State) still contained the infringing marks. ECF No. 43.

6. I have "inherent power to enforce compliance with [my] lawful orders through civil contempt." *Shillitani v. U.S.*, 384 U.S. 364, 370 (1966). I may hold a party in contempt where the evidence clearly and convincingly establishes that the party violated a "specific and definite order of the court." *Fed. Trade Comm'n v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (internal citation omitted); *see also Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997).

7. Once the moving party has demonstrated a violation, the non-moving party must show a valid reason why it was unable to comply with the order. *Affordable Media*, 179 F.3d at 1239. The Defendants have not shown a valid reason why they did not comply with my order.

8. Attached to the Defendants' response was an email from Yahoo Small Business Customer Care (Yahoo) to Paul Everich dated April 17, 2019. ECF No. 43 at Ex. 1. In the email, Yahoo provided a link to "the site builder link." That email did not demonstrate a valid reason why Defendants were unable to comply with my order.

9. During the October 21, 2020 hearing, I ordered that a per diem contempt sanction would issue against Defendants beginning November 20, 2020 absent a stipulation from the parties. ECF No. 44. I directed the parties to confer regarding the amount of the per diem sanction

and whether a longer period should be allowed before the sanction begins. The parties conferred but were unable to reach an agreement on the amount or timing of the sanction.

10. I conducted another hearing on November 12, 2020 and stated on the record the sanctions I am imposing.

I HEREBY ORDER that defendants AAA Anytime, Inc. and Mitchell Winik are in contempt of court for violating my prior order (ECF No. 37).

I FURTHER ORDER the defendants to pay a civil contempt sanction in the amount of $300 per day beginning November 20, 2020 until they purge themselves of contempt by:

1. Canceling or amending all business names, trade names, licenses, or corporate registrations or applications that contain the AAA Marks, or any other confusingly similar names, logos, or marks, including the Nevada Secretary of State filing for "AAA Anytime, Inc.";

2. Removing or rendering inactive the webpage located at AAAANYTIME.COM; and

3. Transferring to plaintiff AAA all domain names in their or their agents' possession, custody, or control that include the AAA Marks, including the domain name AAAANYTIME.COM.

I FURTHER ORDER that, in the event the defendants fail to purge themselves of contempt by December 19, 2020, the sanction shall be increased to $500 each day beginning December 20, 2020.

I FURTHER ORDER that, in the event the defendants partially purge themselves of contempt by removing the webpage and transferring the domain names, the amount of the daily civil contempt sanction shall be reduced in half.

I FURTHER ORDER the parties to file a joint or separate status reports by January 25, 2021.

I FURTHER ORDER the parties to appear for a status conference on **January 28, 2021 at 9:30 a.m. PST**, at which time I will consider heightened sanctions, including increasing the per diem sanction and temporary incarceration, should the defendants continue to be in contempt.

DATED this 15th day of November.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4